UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSE OF LEBANON ORGANIZATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOUSE OF PACIFIC RELATIONS INTERNATIONAL COTTAGES. INC., et al.,<br><br>Defendants. | Case No.: 3:17-cv-00232-L-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [Doc. 7] TO DISMISS** |

Pending before the Court is Defendants'[1] motion to dismiss Plaintiff House of Lebanon's ("Plaintiff") first amended complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

//

---

[1] The defendants in this action are House of Pacific Relations International Cottages, Inc.; New International Cottages, Inc.; the City of San Diego; The House of Mexico; House of India, Inc.; House of Turkey; House of Palestine; House of Peru; House of Panama; The House of the Philippines, Inc.; and House of Korea, Inc.

1

## I. BACKGROUND

This case arises out of a dispute involving a project to construct new cottages in Balboa Park. The cottages at issue are run by non-profit organizations with an aim toward educating the public about the culture of various foreign countries. Each cottage, it seems, is to be operated by a member of Defendant House of Pacific Relations International Cottages ("HPR"). Plaintiff is a member of HPR. Along with eight other HPR members, all of whom are defendants[2] in this action, Plaintiff sought to occupy one of nine cottages to be constructed in a proposed HPR expansion project (the "Project") in Balboa Park.

In its effort to gain inclusion into the Project, Plaintiff (1) organized as a non-profit entity; (2) became a member of HPR; (3) paid HPR over $34,000; and (4) prepared paperwork for presentation to the City of San Diego, the San Diego Planning Commission, and the Balboa Park Committee. Furthermore, some or all of the defendants in this case represented to Plaintiff that they would permit Plaintiff to participate in the Project. In reliance upon these representations made by unspecified defendants, Plaintiff communicated its support of the project to the San Diego City Council. Subsequently, City Council approved the project, but Defendants excluded Plaintiff from participating in the Project.

Accordingly, Plaintiff filed an amended complaint in the Superior Court of California, County of San Diego, alleging (1) discrimination in violation of 42 U.S.C. § 1981; (2) a right to declaratory relief; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) ultra vires action; (6) fraud; (7) negligent misrepresentation; (8) a right to an inspection and accounting; and (9) violation of California Business and Professions Code § 17200. (See FAC [Doc. 1-2].) Defendants removed to this Court and now move to dismiss under Fed. R. Civ. P. 12(b)(6). (See

---

[2] These defendants are House of Mexico; House of India; House of Turkey; House of Palestine; House of Peru; House of Panama; House of the Philippines; and House of Korea.

Rem. Not. [Doc. 1]; MTD [Doc. 7]; Joinder [Doc. 8].) Plaintiff opposes. (See Opp'n [Doc. 11].)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegation in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III. COUNT 1

Count 1 of Plaintiff's Amended Complaint alleges a violation of 42 U.S.C. § 1981. § 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

3

> citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The Supreme Court has articulated that § 1981 forbids only *racial* discrimination in the making of contracts. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). § 1981 does not prohibit discrimination on the basis of *national origin* in the making of contracts. *Id.* at 613. Here, Plaintiff explicitly bases its § 1981 claim on national origin discrimination. (FAC ¶ 29). Indeed, the Amended Complaint does not even state the racial ancestry of Plaintiff's members. Nor does it allege how any discrimination it suffered was based on the race of its members. Accordingly, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion as to the § 1981 claim.

## IV. COUNTS 2, 3, & 4

Defendants argue that Plaintiff has failed to state a claim for breach of contract. Specifically, Defendants argue Plaintiff has not alleged the exact terms of any alleged contract; the names of the parties who executed the contract; when and how the parties executed the contract; or any precise facts about how Defendants breached the contract. For these reasons, Defendants contend Plaintiff's allegations do not raise the breach of contract claim to the level of plausibility.

The Court disagrees. Federal Rule of Civil Procedure 8(a) requires only that Plaintiff provide "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Plaintiff meets this standard so long as its allegations "raise the right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964–65. Here, Plaintiff alleges that it entered into an agreement with Defendants such that, in return for Plaintiff's support of the effort to obtain City Council's approval of the Project, Defendant would allow Plaintiff to occupy one of the Project's cottages.[3] (FAC

---

[3] The Court notes that Plaintiff's use of the word "interest" in reference to the project clearly refers to occupying one of the new cottages. (See FAC ¶¶ 1–4.)

¶¶ 3–5, 8, 9, 35.) Further, Plaintiff alleges that, notwithstanding its support of the Project, Defendants wrongfully denied Plaintiff from participating. (Id. ¶ 10.) Construing these allegations as true, the Court finds them sufficient to plausibly allege a breach of contract. To the extent Defendants desire more specificity regarding the details of the contract's terms and execution, they may seek them in discovery.

Defendants' arguments for dismissal of the breach of the implied covenant of good faith and fair dealing claim and the declaratory relief claim are unpersuasive for similar reasons. Specifically, Defendants only argument for dismissal of the breach of the implied covenant of good faith and fair dealing claim is that, to sustain such a claim, a plaintiff must properly allege the existence of a contract. Thus, Defendants argue, because Plaintiff has not properly alleged the existence of a contract, the Court must dismiss the implied covenant claim. Having concluded Plaintiff has in fact properly alleged the existence of a contract, Defendant's implied covenant argument necessarily fails.

Plaintiff's claim for declaratory relief seeks a declaration from this Court regarding the nature of Plaintiff's interest in the Project. Defendants argue for dismissal of this claim on the grounds that Plaintiff fails to identify any "interest" to which it might plausibly be entitled. This argument fails because, as discussed above in connection with the breach of contract claim, Plaintiff has plausibly alleged that it might be entitled to occupy one of the cottages that the Project will produce. For these reasons, the Court **DENIES** Defendants' motion as to Counts 2, 3, and 4.

## V.    COUNT 5

Plaintiff's fifth cause of action alleges that Defendants other than the City of San Diego took actions against Plaintiff that are invalid as ultra vires. (FAC ¶¶ 46–49.) Ultra vires conduct is conduct that is "beyond the purpose or power of the corporation." *McDermott v. Bear Film Co.*, 219 Cal. App. 2d 607, 610–11 (1963). Here, Plaintiff has failed to allege either (1) the scope of activity permitted by any of the Defendants'

articles, bylaws, or other corporate documents or (2) what actions Defendants' took that allegedly exceeded this corporate authority. Accordingly, the Court finds Plaintiff has failed to plausibly allege that Defendants' engaged in ultra vires conduct and **GRANTS WITHOUT PREJUDICE** Defendants' motion as to Count 5.

## VI. COUNTS 6 & 7

Plaintiff's sixth and seventh causes of action allege fraud and negligent misrepresentation. The heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply to both claims. Fed. R. Civ. P. 9(b); *Puri v. Khalsa*, 2017 WL 66621 *6–7 (9th Cir. 2017). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A plaintiff must state the who, what, when, where, and how of the alleged misrepresentation. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff alleges that on November 14, 2016, Defendants misrepresented to Camil Saab and Sam Abed (representatives of Plaintiff) that "Defendants would fully recognize and allow House of Lebanon's interest in the Project and its membership interest." (FAC ¶ 8.) While this allegation identifies the misrepresentation, when it was made, and which of Plaintiffs representatives it was made to, it does not identify which Defendants made it. Where, as here, a plaintiff alleges fraud against multiple defendants, Rule 9(b) requires a plaintiff to "differentiate their allegations" so as to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Plaintiff's failure to do so is fatal to its sixth and seventh causes of action. Accordingly, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion as to these causes of action.

//

## VII. COUNT 8

Plaintiff's eighth cause of action seeks an inspection and accounting. Plaintiff alleges that "[b]y reason of its membership interest and the over $34,000 it has paid to Defendants, Plaintiff is entitled to inspect the records of Defendants, and Plaintiff is entitled to an accounting." (FAC ¶ 65.) Defendants seek dismissal of the inspection and accounting claim on the grounds that (1) Plaintiff has not alleged it is owed any money by Defendant and (2) if Plaintiff is owed money, the sum is certain at $34,000 and therefore no accounting is necessary.

Defendants' arguments are unpersuasive. Plaintiff has properly alleged a breach of contract claim and explicitly seeks damages according to proof. (FAC 10:23.) Furthermore, Defendants claim that any damage sum is certain at $34,000 ignores the fact that Plaintiff alleges it has paid Defendants an unknown some of money that is greater than $34,000. (Id. ¶ 5.) Accordingly, the Court **DENIES** Defendants' motion to dismiss the eighth cause of action. As to the extent and nature of discovery Plaintiff may take via inspection and accounting, the parties may seek guidance from Magistrate Judge Bernard G. Skomal.

## VIII. COUNT 9

Plaintiff's ninth cause of action alleges unlawful business activity in violation of California Business and Professions Code § 17200 (the "UCL"). The UCL prohibits unfair competition. "Unfair competition" includes any business act or practice that is "unlawful, unfair or fraudulent…" Cal. Bus. & Prof. Code § 17200. To sustain a claim under the unlawful prong of the UCL, a Plaintiff need only allege that a defendant violated any law, whether state or federal, civil or criminal, or whether based in statute, regulation, or common law. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994). Here, the Court has already held that Plaintiff has adequately alleged that Defendants violated the California common law prohibiting breach of contract. Because

Plaintiff has thus properly alleged unlawful activity, the Court **DENIES** Defendants' motion to dismiss the ninth cause of action.

IX. <u>**Conclusion & Order**</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion as follows:

- Counts 1, 5, 6, 7 are dismissed without prejudice.
- Counts 2, 3, 4, 8, and 9 may proceed.

**IT IS SO ORDERED.**

Dated: June 1, 2017

_____
Hon. M. James Lorenz
United States District Judge